IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA ex
rel. KARI CRUTCHER,

    Plaintiff,

       v.

FIRST GUARANTY MORTGAGE
CORPORATION, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-3812-TWT

## OPINION AND ORDER

This is a fraud action. It is before the Court on the Defendants Pacific Investment Management Company LLC and PIMCO Investments LLC (collectively, "PIMCO")'s Motion to Dismiss [Doc. 49], the Defendant Andrew Peters' Motion to Dismiss [Doc. 65], the Relator Kari Crutcher's Cross-Motion for Leave to File a Second Amended Complaint [Doc. 92], and the Relator's Motion for Leave to File a Supplemental Second Amended Complaint [Doc. 81]. For the reasons set forth below, the Relator's Motion for Leave to File a Supplemental Second Amended Complaint [Doc. 81] is GRANTED. PIMCO's Motion to Dismiss [Doc. 49], Peters' Motion to Dismiss [Doc. 65], and the Relator's Cross-Motion for Leave to Amend [Doc. 92] are DENIED as moot.

## I.  Background

In this False Claims Act case, the Relator Kari Crutcher alleges that her former employer, the Defendant First Guarantee Mortgage Corporation

("FGMC"), fraudulently underwrote government-insured mortgages that were riskier than allowed by the United States Department of Housing and Urban Development's Federal Housing Administration. She claims that FGMC knowingly approved residential loans that violated FHA rules and falsely certified compliance with those rules, allowing it to profit from the loans, even if borrowers ultimately defaulted on their mortgages. (Am. Compl. ¶ 2). Then, when borrowers did inevitably default on their mortgages, HUD sustained the losses rather than FGMC. (*Id.*).

Crutcher filed her original Complaint against FGMC under seal on October 13, 2016. After allowing the United States sixty days to decide whether to intervene, the Court administratively closed the case on March 10, 2017, in response to the United States' motion for an extension of time to consider its election to intervene. Two years later in October 2019, the United States moved to partially unseal the case to allow disclosure of the allegations to FGMC, which the subsequently Court granted. Frustrated by the length of the ongoing settlement discussions and the lack of an intervention decision by the United States, Crutcher moved to administratively reopen the case on February 28, 2022, and the Court granted the motion on May 9, 2022. The Court then extended the deadline for the United States' decision to intervene by another 90 days.

On June 29, 2022, Crutcher filed an Amended Complaint, adding PIMCO (FGMC's owner), Peters (FGMC's CEO), and three other individuals (all FGMC officers) as Defendants in the case, in addition to FGMC, but the Amended Complaint remained under seal. The next day, on June 30, 2022, FGMC filed for Chapter 11 bankruptcy. When the United States ultimately declined to intervene in the case in August 2022, the Court lifted the seal, and Crutcher proceeded with serving process on the Defendants.

After Crutcher served process on the Defendants, PIMCO moved to dismiss the Amended Complaint on November 28, 2022, as did Peters on December 28, 2022. Crutcher responded in opposition to PIMCO's Motion to Dismiss on January 11, 2023, and in the same brief, she filed a Cross-Motion for Leave to File a Second Amended Complaint, addressing the deficiencies raised in PIMCO's Motion to Dismiss and alleging that PIMCO bought FGMC in 2015, among other allegations. (Second Am. Compl. ¶¶ 21, 174–92). That same day, Crutcher also filed a Notice of Voluntary Dismissal to have the case dismissed with prejudice as to the three individual defendants (the FGMC officers) and dismissed without prejudice as to Peters. On March 9, 2023, Crutcher recanted her earlier dismissal of Peters as a Defendant and moved for leave to file a supplemental Second Amended Complaint, adding allegations that addressed the deficiencies raised in Peters' Motion to Dismiss regarding his role in the alleged fraud. (Suppl. Second Am. Compl. ¶¶ 175–88). On April

3

12, 2023, with consent from the United States, the Court dismissed the three individual defendants from the case but did not dismiss Peters, considering Crutcher's change of position with respect to him. (*See* Docs. 87–88). The Court now considers PIMCO and Peters' Motions to Dismiss and Crutcher's two Motions for Leave to Amend.

## II.   Legal Standard

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021).

Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice

4

to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III.   Discussion

In support of her motions, Crutcher asks that the Court grant her leave to amend the Amended Complaint to add details of PIMCO and Peters' alleged involvement in the underlying fraud because her claims are timely and are not barred by Rule 19. (Br. in Supp. of Rel.'s Cross-Mot. for Leave to Amend, Doc. 92, at 8–17; Br. in Supp. of Rel.'s Second Mot. for Leave to Amend, Doc. 81, at 7–15). In response, PIMCO and Peters collectively argue that Crutcher's motions violate the permanent injunction in FGMC's bankruptcy proceedings, that Crutcher's claims were released by the bankruptcy plan in FGMC's case, that the Second Amended Complaint is untimely, and that all three exceptions to Rule 15(a)(2) operate to bar amendment here. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at ii; Def. Peters' Resp. Br. in Opp'n to Rel.'s Second Mot. for Leave to Amend, Doc. 82, at 3; Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Second Mot. for Leave to Amend, Doc. 83, at 1). In reply, Crutcher contends that the Court should address PIMCO and Peters' arguments in a fully briefed motion to dismiss. (Reply Br. in Supp. of Rel.'s Cross-Mot. for Leave to Amend, Doc. 80, at i; Reply Br. in Supp. of Rel.'s Second Mot. for Leave to Amend, Doc. 86, at i). Because the filing of a Second Amended Complaint would moot the Defendants' Motions to Dismiss, the

Court begins with the Rule 15(a)(2) exceptions to amendment.

PIMCO and Peters contend that all three Rule 15(a)(2) exceptions warrant denial of Crutcher's Motions for Leave to Amend because (1) Crutcher unduly delayed in bringing her claims, (2) amendment would prejudice them, and (3) amendment would be futile. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at 13–21; Def. Peters' Resp. Br. in Opp'n to Rel.'s Second Mot. for Leave to Amend, Doc. 82, at 3–8). In reply, Crutcher argues that she did not delay in bringing her claims nor would amendment prejudice the Defendants or be futile. (Reply Br. in Supp. of Rel.'s Cross-Mot. for Leave to Amend, Doc. 80, at 2–8; Reply Br. in Supp. of Rel.'s Second Mot. for Leave to Amend, Doc. 86, at 4–8). The Court addresses each of the Rule 15(a)(2) exceptions in turn.

## A. Delay

Both PIMCO and Peters contend that Crutcher has unduly delayed in moving to amend her Amended Complaint. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at 14–15; Def. Peters' Resp. Br. in Opp'n to Rel.'s Second Mot. for Leave to Amend, Doc. 82, at 6–8). They argue generally that she has delayed more than six years since filing her original complaint against FGMC and has still yet to perfect her claims against them. The Court agrees with Crutcher that these arguments ignore the procedural posture of this case. (Reply Br. in Supp. of Rel.'s Cross-Mot. for

Leave to Amend, Doc. 80, at 3–4).

"The mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *In re Engle Cases*, 767 F.3d 1082, 1118 (11th Cir. 2014) (citation omitted). Since the United States elected not to intervene in August 2022, Crutcher has adequately proceeded with her case by serving process on the Defendants and by filing her response to PIMCO's Motion to Dismiss within the timeline prescribed by the Court. And though Crutcher filed her second Motion for Leave to Amend more than three months after Peters filed his Motion to Dismiss, the Defendants have presented no authority that would require a finding of undue delay here.

Peters relies on *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004), in support of his position that a plaintiff unduly delays by failing to include previously available facts in an earlier complaint. (Def. Peters' Resp. Br. in Opp'n to Rel.'s Second Mot. for Leave to Amend, Doc. 82, at 8). But the Eleventh Circuit in *Carruthers* affirmed the district court's denial of the plaintiff's motion for leave to amend after she filed her motion six months after the pleading amendments deadline and two months after the discovery completion deadline. *Carruthers*, 357 F.3d at 1218. No such deadlines exist in the present case, nor have the parties conducted discovery at this point. The other cases that Peters relies on in his response brief do not bar amendment for largely the same reasons. (*See* Reply Br. in Supp. of Rel.'s

Second Mot. for Leave to Amend, Doc. 86, at 7–8). Therefore, the undue delay exception to Rule 15(a)(2) does not preclude amendment here.

## B. Prejudice

PIMCO argues that granting leave to amend would prejudice it by adding new theories of liability (piercing the corporate veil and alter ego liability) against it, thereby "greatly" expanding the scope of the case. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at 15–17). In reply, Crutcher argues that amendment will not prejudice PIMCO at this early stage in the litigation where there has been limited discovery. (Reply Br. in Supp. of Rel.'s Cross-Mot. for Leave to Amend, Doc. 80, at 5–7). The Court again agrees with Crutcher that PIMCO has not shown the type of undue prejudice that would warrant preclusion of amendment here.

PIMCO relies on *Donnelly v. Wal-Mart Stores E., LP*, 844 F. App'x 164, 171 (11th Cir. 2021), in support of its position that a motion to amend prejudices a defendant where the supplementary allegations add new theories of relief to the pleading. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at 15). But the Eleventh Circuit in *Donnelly* affirmed the district court's denial of the plaintiff's motion for leave to amend because she filed her motion "seventy-four days after the pleading amendments deadline and after significant discovery." *Donnelly*, 844 F. App'x at 171. Again, no such deadline exists in the present case, nor have the parties

conducted significant discovery at this point. The other cases that PIMCO relies on in its response brief are inapposite for largely the same reasons. (*See* Reply Br. in Supp. of Rel.'s Cross-Mot. for Leave to Amend, Doc. 80, at 5–6). Accordingly, the prejudice exception to Rule 15(a)(2) does not bar amendment here.

### C. Futility

Finally, both PIMCO and Peters argue that amendment would be futile because Crutcher fails to state a claim against them in her Second Amended Complaint. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at 17–21; Def. Peters' Resp. Br. in Opp'n to Rel.'s Second Mot. for Leave to Amend, Doc. 82, at 3–6). In reply, Crutcher contends generally that the Defendants' arguments should be addressed in a renewed motion to dismiss because her proposed Second Amended Complaint is not "insufficient or frivolous on its face." (Reply Br. in Supp. of Rel.'s Cross-Mot. for Leave to Amend, Doc. 80, at 7–8 (quoting *Montes v. M & M Mgmt. Co.*, 2015 WL 11254703, at *2 (S.D. Fla. May 12, 2015)); Reply Br. in Supp. of Rel.'s Second Mot. for Leave to Amend, Doc. 86, at 5–7).

Leave to amend a complaint is considered futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The burden falls on the party opposing amendment to

9

establish futility. *See Tims v. Golden*, 2016 WL 1312585, at \*13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022 update).

The Court cannot conclude at this stage in the litigation that Crutcher's Second Amended Complaint would still be properly dismissed or immediately subject to summary judgment. Rather, the paragraphs added addressing PIMCO and Peters' roles in the alleged fraud do not appear to be facially frivolous. (*See* Suppl. Sec. Am. Compl. ¶¶ 175–207); *see also Rodriguez v. Imperial Brands plc*, 2022 WL 2231431, at \*6 (S.D. Fla. Mar. 9, 2022) ("Defendants' futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint."). [1] Accordingly, the futility exception to Rule 15(a)(2) does not bar amendment.

### IV.   Conclusion

For the foregoing reasons, the Relator's Motion for Leave to Amend [Doc. 81] is GRANTED. The Clerk is DIRECTED to docket the Plaintiff's

---

[1] The Court concludes that PIMCO's bankruptcy-related arguments and untimeliness arguments are also more appropriate for resolution on a fully briefed motion to dismiss, and thus, the Court will defer and consider those arguments if they are raised in future briefings. (Defs. PIMCO's Resp. Br. in Opp'n to Rel.'s Cross-Mot. for Leave to Amend, Doc. 76, at 6–13).

Supplemental Second Amended Complaint [Doc. 81-1] as the operative complaint. Accordingly, PIMCO's Motion to Dismiss [Doc. 49], Peters' Motion to Dismiss [Doc. 65], and the Relator's Cross-Motion for Leave to Amend [Doc. 92] are DENIED as moot.

SO ORDERED, this    15th    day of June, 2023.

THOMAS W. THRASH, JR.
United States District Judge

11